# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ACE AMERICAN INSURANCE COMPANY,**

       Plaintiff,

**v.**                                          Case No: 6:17-cv-1056-Orl-31GJK

**FLORIDA BOW THRUSTERS, INC.,**

       Defendant.

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 41) filed by the Defendant, Florida Bow Thrusters, Inc. ("Florida Bow Thrusters"), and the response in opposition (Doc. 48) filed by the Plaintiff, Ace American Insurance Company ("Ace").

### I. Background

According to the allegations of the Amended Complaint (Doc. 36), which are taken in pertinent part as true for purposes of this motion, this case arises from a fire that severely damaged a vessel named the "E=Mc2". (Doc. 36 at 2). At the time of the fire, that vessel was owned by Eric Slifka and insured by the Plaintiff. (Doc. 36 at 2). Regulator Marine, Inc. ("Regulator") had built the vessel, and Oyster Harbors, Inc. ("Oyster Harbors") had sold it to Slifka. (Doc. 36 at 2). (Coincidentally, Ace American also insured Regulator during the relevant period. (Doc. 36 at 2 n.1). When Slifka bought the vessel, it included a bow thruster[1] that had been manufactured by Vetus Maxwell, Inc. ("Vetus") and installed by Florida Bow Thrusters. (Doc. 36 at 4).

---

[1] A bow thruster is an auxiliary propulsion device in the bow of a ship that aids in maneuvering.

After the fire, Ace paid Slifka for the property damage and brought suit (as Slifka's subrogee) against Oyster Harbors in Massachusetts federal court, asserting claims for breach of warranty, negligence, and strict liability. (Doc. 36 at 2). Oyster Harbors filed a third-party complaint against Regulator, alleging that Regulator might be liable to Oyster Harbors for the claims being asserted by Ace. (Doc. 36 at 2). Sometime thereafter, an expert retained by Ace determined that the bow thruster was likely the source of the fire. (Doc. 36 at 3-4). Regulator then filed a fourth-party complaint against Vetus and Florida Bow Thrusters. (Doc. 36 at 5). However, due to a choice-of-venue provision in the contract between Regulator and Florida Bow Thrusters, Regulator dismissed Florida Bow Thrusters as a defendant in the Massachusetts case and filed the instant suit, which was stayed pending resolution of the Massachusetts action. (Doc. 36 at 5-6).

On September 9, 2019, Ace notified this court that the Massachusetts action had been settled. (Doc. 32). As Regulator's subrogee, Ace was then substituted into this action. On October 11, 2019, Ace filed the Amended Complaint, asserting claims for negligence (Count I), common law indemnification (Count II), and contribution (Count III). Florida Bow Thrusters now seeks dismissal of all claims asserted in that pleading.

**II.    Legal Standards**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case.

*Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1949 (internal citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.   Analysis

Florida Bow Thrusters makes two arguments based on Rule 8. It first argues that the Amended Complaint does not satisfy the plausibility requirement of *Twombly* and *Iqbal*, in that its counts are "replete with legal conclusions" and "devoid of the requisite factual allegations".

(Doc. 41 at 8). But Florida Bow Thrusters does not provide any examples of these legal conclusions or of areas where the required factual allegations are lacking. Florida Bow Thrusters also contends that the Amended Complaint is a shotgun pleading, in that each count incorporates all of the paragraphs that precede it. (Doc. 41 at 8-10). *See, e.g., Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (describing, as a type of shotgun pleading, a complaint in which "each count … adopts the allegations of all preceding counts" resulting in a situation in which "it is virtually impossible to know which allegations of fact are intended to support which claims for relief."). But this is an eight-page pleading, asserting three claims against a single defendant. Each count is only two or three paragraphs long. While Ace could have been more meticulous in drafting the Amended Complaint, Florida Bow Thrusters cannot seriously argue that it, like the defendant in *Anderson*, is unable to figure out which allegations of fact are intended to support which claims for relief.

Florida Bow Thrusters next contends that the maritime economic loss rule bars Ace's claims. The maritime economic loss rule provides that a tort action may not lie where the basis for liability arises from a contract. *R/V Beacon, LLC v. Underwater Archeology & Exploration Corp.*, 2014 WL 4930645, at *5 (S.D. Fla. Oct. 1, 2014) (citations omitted). The rule has its origins in *East River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 871 (1986), in which the Supreme Court held that a manufacturer in a commercial relationship "has no duty under either a negligence or a products-liability theory to prevent a product from injuring itself."). In this case, however, Ace alleges that the bow thruster caused a fire that damaged the rest of the vessel, not merely the bow thruster itself. For example, Ace's expert opined that the fire "developed in the bow thruster compartment *and spread up and out through the helm*." (Doc. 36 at 4) (emphasis added). Therefore, the maritime economic loss rule does not apply.

Florida Bow Thrusters seeks dismissal of Ace's claims for contribution and indemnity on the grounds that a settling defendant cannot seek contribution from a nonsettling tortfeasor who was not released from liability. (Doc. 41 at 14-16). Florida Bow Thrusters is correct as to the general rule. *See, e.g., Murphy v. Florida Keys Elec. Co-op. Ass'n, Inc.*, 329 F.3d 1311, 1315 (11th Cir. 2003) ("No suit for contribution will lie against a nonsettling defendant who is not released from liability, because that defendant remains liable for its proportionate share of damages regardless of the terms of the settlement the other defendant made."). However, Ace argues that it did obtain a release of the claims against Florida Bow Thrusters, and the language of the "Settlement Agreement and General Release" (Doc. 40-2), which was filed as an attachment to the Amended Complaint, appears to support this contention.[2] At this stage of the proceedings, this is sufficient.

Finally, Florida Bow Thrusters contends that Ace was obligated to plead that it was a non-negligent party in order to state an indemnification claim. (Doc. 41 at 16-19). However, Florida Bow Thrusters does not cite any legal authority imposing such a pleading obligation, and the Court's research has not uncovered any.

---

[2] Specifically, in that document, Oyster Harbors releases Regulator and, *inter alia*, "all other persons, firms, and corporations" from all claims "arising out of Oyster Harbors' third-party claims against Regulator" in the Massachusetts action, and Regulator releases Oyster Harbors and "all other persons, firms and corporations" from any claims "arising out of the facts underlying" that action. (Doc. 40-2 at 2).

## IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 41) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 6, 2020.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE